UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD MCFADDEN,<br><br>       Plaintiff,<br><br> v.<br><br>MICROSOFT CORPORATION,<br><br>       Defendant. | CASE NO. C20-0640-RSM-MAT<br><br>ORDER GRANTING MOTION TO APPOINT INTERIM CO-LEAD AND LIAISON COUNSEL |

## INTRODUCTION

Plaintiff Donald McFadden filed a Motion to Appoint Interim Co-Lead and Liaison Counsel. (Dkt. 17.) Defendant Microsoft opposes the motion. (Dkt. 22.) The Court, having considered the briefing and the relevant record, herein GRANTS plaintiff's motion for the reasons explained below.

## BACKGROUND

On April 28, 2020, plaintiff filed a complaint against Microsoft alleging a "drift defect" in Microsoft-brand XBox One controllers. (Dkt. 1.) He asserts claims for violations of the Washington Consumer Protection Act and seeks to represent a class consisting of all persons in the United States who bought an Xbox One or Xbox One controller. In the current, opposed

ORDER RE: COUNSEL
PAGE - 1

motion, plaintiff seeks an order appointing Nicholas A. Migliaccio and Jason S. Rathod of Migliaccio & Rathod LLP and Benjamin F. Johns and Andrew W. Ferich of Chimicles Schwartz Kriner & Donaldson-Smith LLP as interim co-lead class counsel, and appointing Cynthia Heidelberg of Breskin Johnson & Townsend PLLC as interim liaison counsel.

After plaintiff filed the motion under consideration, the Court twice entered orders, based on stipulations of the parties, to extend the deadlines for the filing of an amended complaint and a motion to compel arbitration. (*See* Dkts. 10, 17, 28 & 30.) With the most recent extension, plaintiff will file an amended complaint on or before October 2, 2020, Microsoft will file its motion to compel arbitration on or before November 13, 2020, and the briefing in relation to that motion will be complete by the January 8, 2021 noting date. (Dkt. 30.)

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court may designate interim counsel to act on behalf of a putative class before determining whether to certify a matter as a class action. "The appointment of interim counsel is discretionary and is particularly suited to complex actions." *Schmidt v. Samsung Elecs. Am., Inc.*, C16-1725-JCC, 2017 U.S. Dist. LEXIS 66789 at *2-3 (W.D. Wash. May 2, 2017). Factors relevant to the appointment of counsel include: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

In this case, there is no dispute as to the qualifications of the proposed interim co-lead

counsel and interim liaison counsel, the work they have already undertaken in investigating and pursuing this lawsuit, or any other factor pertinent to the designation of counsel. The parties, instead, dispute only the propriety of appointing counsel at this early stage in the proceedings.

Plaintiff argues the designation of interim counsel will "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Lit. § 21.11 (4th ed.). He asserts the possibility more cases could be filed, noting a second lawsuit was avoided when proposed interim co-lead counsel agreed to work together on the forthcoming amended complaint, and counsels' communications with more than two thousand consumers regarding this lawsuit and the drift defect (Dkt. 18, ¶14; Dkt. 19, ¶9). Plaintiff argues appointment of counsel now, even if arbitration is later ordered, will help to ensure this matter continues to proceed in an efficient manner.

Microsoft denies any conditions justifying early appointment of interim counsel given the absence of any competing cases, observing: "'Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members.'" *Wang v. OCZ Tech. Group, Inc.*, C11-1415, 2011 U.S. Dist. LEXIS 69803 at *4 (N.D. Cal. June 29, 2011) (quoting *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litig. § 21.11 (4th ed.))). Microsoft asserts all indications suggest this case will stand alone, noting plaintiff's assertion the alleged defect has been publicly known and discussed for six years (*see* Dkt. 17 at 2), and that no other case has been filed in the three months this lawsuit has been pending. Microsoft also maintains its impending motion to compel arbitration should be resolved before any action is taken that in any way implies the propriety of

ORDER RE: COUNSEL
PAGE - 3

class litigation. (*See* Dkt. 22 at 4 (citing cases enforcing its arbitration agreements).)

The Court does not find the absence of any competing cases or applications for appointment of counsel particularly helpful to the resolution of plaintiff's motion. As reflected in the parties' briefing, district courts routinely reach opposite conclusions under these same circumstances. *Compare Beture v. Samsung Elecs. Am., Inc.*, C17-5757, 2018 U.S. Dist. LEXIS 50413 at *2-3 (D. N.J. Mar. 27, 2018) (stating that "were the court to deny the motion" to appoint interim counsel, "the result would be competing counsel."); *Henderson v. Volvo Cars of N. Am., LLC*, C09-4146, 2010 U.S. Dist. LEXIS 151733 at *6-7 (D. N.J. Nov. 1, 2010) (noting neither Rule 23, nor its Advisory Committee Notes "provide that 'rivalry or uncertainty' is a requirement for appointment of interim class counsel; rather it is included as one of several circumstances that may require appointment of interim class counsel."), *with In re Nest Labs Litig.*, C14-1363, 2014 U.S. Dist. LEXIS 115596 at *3-4 (N.D. Cal. Aug. 18, 2014) (appointment not warranted where there was "only one consolidated action with one consolidated complaint" and no "'gaggle of law firms jockeying to be appointed class counsel'") (quoted source omitted); *Wang*, 2011 U.S. Dist. LEXIS 69803 at *4 (appointment unnecessary and would undermine judicial efficiency where there was "a single action and a single legal team" seeking appointment, their responsibility for protecting class interests was clear, and, if consolidation with another case occurred, the court could be presented with a motion to replace interim lead counsel). Cases from this Court, cited by plaintiff and providing for the appointment of interim class counsel, are distinguishable. *See Diaz v. Nintendo of Am., Inc.*, C19-1116-TSZ, 2019 U.S. Dist. LEXIS 163288 at *1 (W.D. Wash. Sep. 17, 2019) (defendant did not take a position on motion); *Schmidt*, 2017 U.S. Dist. LEXIS 66789 at *2-3 (involving a competing class action); and *A Cemal Ekin v. Amazon Servs.*, LLC, C14-0244-JCC, 2014 U.S. Dist. LEXIS 199367 at *11-15 (W.D. Wash. May 18, 2014) (requiring a choice

between competing law firms). Nor does either party persuade as to the possibility a competing class action will be filed.

Other considerations do, however, favor the exercise of this Court's discretion to grant plaintiff's motion. Microsoft anticipated filing its motion to compel arbitration no more than eight days after submitting its opposition to plaintiff's motion to appoint interim counsel. (*See* Dkt. 22 at 2.) Now, following two stipulated extensions, more than three months remain before briefing of a motion to compel arbitration will be complete. The appointment of interim counsel to resolve any issues occurring prior to resolution of that motion and beyond would serve to protect the interests of a potential class and provide for ongoing clarity, efficiency, and coordination of the proceedings.

Microsoft also states an appointment would imply the propriety of class litigation and suggests it would improperly "cloak" a case subject to arbitration with a "veneer of class status." (*Id*. at 2, 4.) Yet, Microsoft does not identify any tangible prejudice it would suffer through the appointment of interim lead and liaison counsel. Finally, Microsoft does not refute plaintiff's showing and the Court finds satisfaction of all of the Rule 23(g)(1)(A) factors relevant to the appointment of interim counsel. (*See* Dkts. 17-20.) The Court, as such, finds sufficient justification for the appointments requested. *See, e.g., Gallagher v. Bayer AG*, C14-4601, 2015 U.S. Dist. LEXIS 109807 at *25-26 (N.D. Cal. Aug. 18, 2015) (granting appointment of interim counsel where defendant did not refute satisfaction of Rule 23(g)(1) factors, other courts have allowed interim appointment in the absence of competing suits, and defendant had not argued prejudice or any other compelling reason to deny the appointment); *Demarco v. Avalonbay Cmtys., Inc*., C15-0628, 2015 U.S. Dist. LEXIS 194344 at *6-7 (D. N.J. Mar. 17, 2015) (finding "no indication" defendant would be prejudiced by appointment of three law firms as interim co-lead

counsel "particularly given that said law firms would, in any event, continue to be involved in this litigation.")

## CONCLUSION

The Court GRANTS plaintiff's Motion to Appoint Interim Co-Lead and Liaison Counsel. (Dkt. 17.) The Court appoints Nicholas A. Migliaccio and Jason S. Rathod of Migliaccio & Rathod LLP and Benjamin F. Johns and Andrew W. Ferich of Chimicles Schwartz Kriner & Donaldson-Smith LLP as interim co-lead class counsel, and appoints Cynthia Heidelberg of Breskin Johnson & Townsend PLLC as interim liaison counsel.

DATED this 22nd day of September, 2020.

Mary Alice Theiler
United States Magistrate Judge